UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA and THE STATE OF SOUTH DAKOTA, | ) ) ) | CIV. 10-4129 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | **COMPLAINT** |
| REED HITTLE, INDIVIDUALLY, and d/b/a PRECISION PHYSICAL THERAPY, INC, a South Dakota corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |

The United States of America, by its counsel, Brendan V. Johnson, United States Attorney for the District of South Dakota, and Robert Gusinsky, Assistant United States Attorney, and the State of South Dakota, by its counsel, Marty J. Jackley, Attorney General for the State of South Dakota, and Paul Cremer, Medicaid Fraud Control Unit Director, state the following as their complaint against Defendants:

## INTRODUCTION

1.     On March 29, 2010, Defendant, Reed Hittle ("Hittle"), Physical Therapist ("PT"), pled guilty to one count of false statements relating to health care matters in violation of 18 U.S.C. § 1035. Defendant Hittle, PT, was sentenced on June 21, 2010, and a Judgment of Conviction was entered on June 21, 2010. Exhibit 1.

2.      Reed Hittle, PT, admitted in his Factual Basis Statement that, on or between approximately January 1, 2005, and July 31, 2008, in the District of South Dakota and elsewhere, "[he] knowingly and willfully made materially false, fictitious, and fraudulent statements and representations, and used materially false writings and documents, knowing the same to contain materially false, fictitious, and fraudulent statements and entries in connection with the delivery and payment for health care services...Hittle billed Medicare, Medicaid, and at least one private insurance company for physical therapy treatments on patients stating that he had performed the treatments himself. Hittle knew that many of those billed treatments had actually been administered by his unlicensed and untrained assistant." Exhibit 2.

3.      In paragraph G of his Plea Agreement, Reed Hittle, PT, stipulated that the loss amount was greater than $70,000 but less than $120,000. Exhibit 3.

4.      In paragraph I of his Plea Agreement, Reed Hittle, PT, agreed to make restitution to the following parties in the following amounts: Medicare, $88,909.88; Medicaid, $11,350.49; and, Blue Cross/Blue Shield, $19,000. Exhibit 3.

5.      The United States and the State of South Dakota now file this Complaint to proceed with their civil claims against both Defendants.

6.     The United States brings this action on behalf of the Department of Health and Human Services ("HHS"), including its components, the Centers for Medicare and Medicaid Services ("CMS"), and any other federal health insurance benefit program.

7.     The State of South Dakota brings this action by and through the South Dakota Medicaid Fraud Control Unit on behalf of the Department of Social Services and any other state health insurance benefit program.

8.     Defendant Hittle, PT, is a licensed physical therapist, who, at all times relevant to this Complaint, practiced physical therapy within the District of South Dakota.

9.     Defendant Precision Physical Therapy, Inc., is the South Dakota professional corporation of Reed Hittle, PT.

## JURISDICTION AND VENUE

10.     The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1345, and 1367(a). The Court may exercise personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a).

11.     Venue is proper in the District of South Dakota pursuant to 32 U.S.C. § 3732 and 28 U.S.C. § 1391(b) because, at all relevant times, Defendants resided in this District, transacted business in this District, or because the Defendants committed acts in violation of 32 U.S.C. § 3729 within this District.

## **GENERAL ALLEGATIONS**

12.    The United States and the State of South Dakota incorporate by reference the preceding paragraphs as though fully set forth herein.

13.    From January 1, 2005, to July 31, 2008, Defendant Hittle, PT, acting through Defendant Precision Physical Therapy, Inc., operated a physical therapy practice at 530 Iowa Avenue SE, Huron, South Dakota 57350.

14.    In the course of this physical therapy practice, Defendants provided physical therapy services to their patients.

15.    The physical therapy procedures performed by Defendants included massage therapy, ultrasound, electric stimulation, and exercises.

16.    During the relevant time period, Defendants billed insurers for these physical therapy services, by utilizing certain code numbers provided for in the *Current Procedural Terminology Manual* or *CPT Manual.*

17.    Defendants' submission of billings pursuant to the *CPT Manual* included the submission of billings to Medicare, a health care benefit program as defined in 18 U.S.C. § 24(b), since Medicare provided a contract of insurance affecting interstate commerce in the providing of medical benefits and services to certain specified individuals.

18.    Medicare provided insurance benefits to Defendants' patients pursuant to certain "Part B" benefits, which authorized payments for professional services rendered by physical therapists.

4

19.     Noridian Administrative Services LLC ("Noridian") contracted with CMS to process "Part B" claims in the State of South Dakota. Pursuant to that agreement, Noridian distributed federal Medicare funds to South Dakota physical therapists who filed claims for payment.

20.     The Medicaid Program, as enacted by Title IX of the Social Security Act of 1965, 42 U.S.C. § 1396, *et. seq.*, is a system of medical assistance for indigent individuals.

21.     The Medicaid Program, though federally funded, is a joint federal and state program in which the United States provides a significant share of funding for the Program.

## FRAUDULENT CONDUCT

22.     The United States and the State of South Dakota incorporate by reference the preceding paragraphs as though fully set forth herein.

23.     South Dakota law prohibits unlicensed persons from providing or engaging in the practice of physical therapy. S.D.C.L. § 36-10-24.

24.     From approximately January 1, 2005, to approximately July 31, 2008, Defendants instructed Vicky Doak, an unlicensed person, to perform physical therapy on patients.

25.     Physical therapy provided to patients by Vicky Doak, who is not licensed as either a physical therapist or physical therapy assistant, were billed to Medicare and Medicaid under Defendants' provider numbers. Payment for

physical therapy services depends on the physical therapy services actually being performed pursuant to and in accordance with the relevant state statutory provisions.

26.    For example, and not by way of limitation, DWL, a Medicare patient, was referred to Precision Physical Therapy following injury to his left shoulder stemming from a fall on ice. DWL's initial meeting was with PT Hittle. However, following the initial visit, Vicky Doak would frequently perform "start to finish" physical therapy services on DWL during his entire visit at Precision Physical Therapy.

27.    For example, and not by way of limitation, MG, a Medicare patient, went to Precision Physical Therapy for a sore neck. MG received treatments three days a week. Two treatments each week were performed by Vicky Doak without any assistance from Hittle.

28.    For example, and not by way of limitation, DMN, a Medicare and Medicaid patient, went to Precision Physical Therapy for shoulder and lower back problems. Vicky Doak frequently performed all physical therapy treatments on DMN without any assistance from Hittle.

### COUNT ONE -
### VIOLATIONS OF THE FALSE CLAIMS ACT

29.    The United States and the State of South Dakota incorporate by reference the preceding paragraphs as though fully set forth herein.

6

30.    As set forth above, from at least January 1, 2005, to July 31, 2008, Defendants knowingly presented or caused to be presented for payment false claims or knowingly made, used, or caused to be made or used a false statement or record to get a false or fraudulent claim paid or approved by the government, in violation of 31 U.S.C. § 3729(a)(1) and (2), when they submitted claims to the Medicare and Medicaid programs for physical therapy services, which were not provided by a licensed physical therapist or licensed physical therapy assistant as required by South Dakota law.

31.    The United States and the State of South Dakota paid such false or fraudulent claims because of the actions and conduct of Defendants.

32.    Defendants' actions and conduct were material to the decision by the United States and the State of South Dakota to pay the false or fraudulent claims.

33.    By reason of the Defendants' violations of 31 U.S.C. § 3729(a)(1) and (2), the United States and the State of South Dakota have sustained damages in an amount to be determined by a jury, but no less than Eighty-Eight Thousand Nine Hundred Nine Dollars and Eighty-Eight Cents ($88,909.88) to Medicare and Eleven Thousand Five Hundred Thirty Dollars and Forty-Nine Cents ($11,530.49) to Medicaid.

WHEREFORE, the United States and the State of South Dakota respectfully request that this Court enter judgment in their favor and against

7

Defendants in an amount three times the amount of the actual loss to be

proven at trial, together with civil penalties as provided by the statutes,

litigation and investigation costs, as well as any other relief authorized by law.

## COUNT TWO -
## VIOLATIONS OF S.D.C.L. § 22-45-7

34.    The United States and the State of South Dakota incorporate by

reference the preceding paragraphs as though fully set forth herein.

35.    S.D.C.L. § 22-45-7 creates liability for receipt of payment by a

person not entitled thereto and is punishable by up to treble damages, interest,

$2,000 for each false or fraudulent claim, and the cost of investigation and

litigation.

36.    As set forth above, from at least January 1, 2005, to July 31,

2008, Defendants knowingly presented or caused to be presented for payment

false claims or knowingly made, used, or caused to be made or used a false

statement or record to get a false or fraudulent claim paid or approved by the

State of South Dakota Medicaid Program, in violation of S.D.C.L. § 22-45-7,

when they submitted claims to the Medicaid program for physical therapy

services, which were not provided by a licensed physical therapist or licensed

physical therapy assistant.

37.    The State of South Dakota paid such false or fraudulent claims

because of the actions and conduct of Defendants.

38.     Defendants' actions and conduct were material to the decision by the State of South Dakota Medicaid Program to pay the false or fraudulent claims.

39.     By reason of the Defendants' violations of S.D.C.L. § 22-45-7, the State of South Dakota has sustained damages in an amount to be determined at trial, but no less than Eleven Thousand Five Hundred Thirty Dollars and Forty-Nine Cents ($11,530.49).

40.     Pursuant to S.D.C.L. § 22-45-7, the State of South Dakota is entitled to damages in the amount of three times the actual loss to be determined by this Court, plus a penalty for each false claim in the amount of $2,000.

WHEREFORE, the State of South Dakota respectfully requests that this Court enter judgment in its favor and against Defendants in an amount three times the amount of the actual loss to be proven at trial, together with civil penalties as provided by the statute, litigation and investigation costs, as well as any other relief authorized by law.

## COUNT THREE - COMMON LAW FRAUD

41.     The United States and the State of South Dakota incorporate by reference the preceding paragraphs as though fully set forth herein.

9

42.     Between at least January 1, 2005, to July 31, 2008, Defendants engaged in a pattern or practice of making false statements and false claims for payment to Medicare and Medicaid, intending the federal and state governments to rely upon these false statements and false claims for payment. Specifically, Defendants represented that they had provided physical therapy services in accordance with South Dakota law, knowing that, indeed, they did not when they allowed an unlicensed person to perform physical therapy services in contravention of South Dakota law.

43.     Defendants knew or should have known that the false claims and false statements enumerated herein were false and fraudulent.

44.     The federal and state governments relied upon Defendants' materially false representations and, as a result, the United States and State of South Dakota have been damaged in an amount to be determined at trial.

WHEREFORE, the United States and the State of South Dakota respectfully request that this Court enter judgment in their favor and against Defendants in an amount to be proven at trial, together with litigation and investigation costs, as well as any other relief authorized by law.

### COUNT FOUR -
### UNJUST ENRICHMENT

45.     The United States and the State of South Dakota incorporate by reference the preceding paragraphs as though fully set forth herein.

10

46.     Because of Defendants' conduct as set forth above, Defendants have been unjustly enriched with federal and state monies which, in good conscience, they should not be allowed to retain.

47.     Defendants have been unjustly enriched to the detriment of the United States and the State of South Dakota in an amount to be determined at trial.

WHEREFORE, the United States and the State of South Dakota respectfully request that this Court enter judgment in their favor and against Defendants in an amount to be proven at trial, together with litigation and investigation costs, as well as any other relief authorized by law.

### THE UNITED STATES AND THE STATE OF SOUTH DAKOTA REQUEST A TRIAL BY JURY

Dated this 7th day of September, 2010.

BRENDAN V. JOHNSON
United States Attorney
By:

ROBERT GUSINSKY
Assistant U.S. Attorney
515 Ninth Street, Suite 201
Rapid City, SD 57701
(605) 342-7822
(605) 342-1108 (fax)
Robert.Gusinsky@usdoj.gov

12

Dated this 25th day of August, 2010.

MARTY J. JACKLEY
South Dakota Attorney General
By:

PAUL CREMER, Director
Medicaid Fraud Control Unit
1302 E. Highway 14, #1
Pierre, SD 57501
(605) 773-3215
(605) 773-4106 (fax)
Marty.Jackley@state.sd.us

12